WILLIAM BATTLE et al. *v.* LUCY M. HOUSE et al.

WILL. *Construction.* Real estate is devised by will to several children of the testator, but conditioned that no division be made until the youngest became of age, and if at that time any of his children have died, leaving children, that they be entitled to such share as their parent would have been entitled to if alive. Before a division of the property could take place under the provisions of the will, a daughter of the testator died, leaving surviving her a child. *Held :* That the interest of the deceased daughter vested in her surviving child, and was not subject to any creditor of the deceased daughter.

FROM GILES.

Appeal from the Chancery Court at Pulaski. W. S. FLEMING, Ch.

W. H. McCALLUM and J. S. WILKES for Complainants.

T. M. JONES & SON and T. W. TURLEY for Defendants.

DEADERICK, C. J., delivered the opinion of the Court.

The bill in this case was filed by the creditors of Mrs. Dickson, formerly Mrs. Clack, to subject to the satisfaction of their claims lands devised to her by her father, Spencer Clack. Mrs. Dickson

Battle *v.* House.

died, leaving no personalty, and if the land devised cannot be reached, complainants are without remedy.

, Spencer Clack made his will in February, 1854, and died in September next thereafter. The will was duly proved, and after making some provisions for the support and education of his younger children, and some specific bequests, he directs in the third clause that all the balance of his property should be kept together by his executors, and managed in the same way after his death as before, until his youngest child shall arrive at the age of twenty-one years. And his executors are clothed with full power to sell any of his property, real or personal, or purchase or exchange.

The fifth clause is as follows: "It is my will and desire, when my youngest child shall arrive at the age of twenty-one years, that my property, both real and personal, shall be equally distributed between my children and the descendants of my children. If any of my children shall be dead and leave any children surviving them, the children of such dead children taking the interest of his or her parents would have taken, if he or she had lived." Upon the construction of the foregoing depends the rights of the parties, the remainder of said clause giving the shares of daughters to their sole and separate use.

Mrs. Dickson died after her father, and a year or two before the youngest child of testator arrived at the age of twenty-yone years, leaving a daughter, defendant, Lucy M. House, surviving her.

After the youngest child attained the age of twenty-one years, the land of testator was partitioned, and a tract of about 121 acres allotted to defendant, Lucy M. House, and to reach this land for satisfaction of debts due from Mrs. Dickson, this bill is filed.

The third and fifth clauses of this will were construed in the case of *Perkins* v. *Clack*, 3 Head, 734. The opinion seems to consider the interests of the children as vested, and proceedings to subject the interest of one of the sons to his debts before the youngest child came of age were sustained, said proceedings directing a sale of such interest, but refusing to allow any division of the land until the youngest child arrived at the age of twenty-one years. This decision, it is insisted by complainants. is conclusive of the question at issue.

While it is true the Court held that the right of the children of testator, under the will, was vested and subject to sale, yet it is neither discussed nor decided that the death of the devisee, leaving a child, before the time appointed for division, would or would not have defeated such interest.

The language and intention of the will is plain and unambiguous. His executors are to keep all his property together until his youngest child shall become of age. They are to have the same power in all respects to manage the estate for the benefit of his children as he would have if living. And

when the estate is to be distributed, the children of any deceased child of testator is to take the share their parent would have taken if living.

Mrs. Dickson's daughter, Lucy M., falls within this provision of the will, and is entitled to take the interest her mother would have been entitled to if she had lived until the youngest child attained the age of twenty-one years. So if the language of the will can be construed as vesting Mrs. Dickson with the fee simple interest, it very clearly provides that if she dies before the youngest child comes of age, leaving a child, that child shall take the interest.

The case of *Brown* v. *Dortch* is similar in its facts and principles to this case. Testator there directed his property to be equally divided between his wife and children, but directed his estate to be kept together and farming operations continued, and to give his or her portion to each child as he or she should marry, or arrive at age, and providing if any should die before marrying or coming of age, his or her share should go to the survivors.

Judge Nicholson, in announcing the opinion of the Court in construing the testator's will as to the rights of one of the devisees, says: "He took a fee simple estate in the real property and an absolute one in the personal property, subject to be defeated in the happening of the contingency. The contingency has happened; he has died under

age and unmarried, and his estate terminated, by the terms of the will, by this event." 12 Heis., 740, 750.

The Chancellor gave the complainant the relief prayed for, and in this we think he was in error.

The decree will be reversed, and the bill dismissed with costs.